Charles WARGAT

v.

Donald LONG, et al.

Civ. No. H–81–514.

United States District Court,
D. Connecticut.

Aug. 28, 1984.

Igor I. Sikorsky, Jr., Diana M. Sikorsky, David Fite Waters, P. Spencer Clapp, Hartford, Conn., for plaintiff.

James F. Brennan, Jr., Suisman, Shapiro, Wook, Brennan, Gray & Faulkner, Groton, Conn., Kenneth G. Williams, Brown, Jacobson, Jewett & Laudone, Norwich, Conn., Thomas B. Wilson, New London, Conn., Cornelius F. Tuohy, Asst. Atty. Gen., Hartford, Conn., for defendants.

## RULING ON OBJECTION TO MAGISTRATE'S RECOMMENDED RULING

BLUMENFELD, Senior District Judge.

This is an action under 42 U.S.C. § 1983, in which the plaintiff claims that he was deprived of property and liberty without due process of law. Four of the defendants moved for summary judgment, and United States Magistrate Eagan recommended that the motions be granted. The magistrate held that one of the defendants was not acting under color of state law. As to the three other moving defendants, the magistrate held that they were not in a position to intrude on the plaintiff's property or liberty interests.

*Facts*

The plaintiff is a Connecticut State Trooper and has been a State Trooper since 1968. In 1980, he was assigned by the State Police as a Resident Trooper with the Plainfield Police Department. The plaintiff remained an employee of the State Police but was "loaned" to the town to act as its Police Chief. He was accused of various misdeeds and removed from his position as Resident Trooper; but he was reinstated as a basic State Trooper with a decrease in pay.

The plaintiff claims that the defendants caused his transfer from the position of Resident Trooper and further caused his failure to be promoted to the rank of sergeant. The plaintiff also claims that he will not be promoted in the future and that he is unable to obtain a different job in a police-related field anywhere in the United States.

*Discussion*

There has been much discussion (and dissension) about the due process rights of public employees. *See generally, Developments in the Law—Public Employment*, 97 Harv.L.Rev. 1611, 1780–1800 (1984). But it is clear that the due process clause of the fourteenth amendment does not convert the federal courts into an "appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies." *Bishop v. Wood*, 426 U.S. 341, 349, 96 S.Ct. 2074, 2080, 48 L.Ed.2d 684 (1976) (footnote omitted). Although the magistrate expressed doubts about whether the plaintiff was deprived of a liberty or property interest, he assumed that the plaintiff had suffered such a deprivation in ruling on the motions for summary judgment. I, however, am less sanguine about the plaintiff's claim

that he was deprived of a constitutionally protected interest.

*Liberty Interest*

 Defaming a government employee in the course of firing him or refusing to renew his contract may be a deprivation of a liberty interest. *See Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). But no deprivation is caused if the defamation does not occur during the plaintiff's discharge:

> Thus it was not thought sufficient to establish a claim under § 1983 and the Fourteenth Amendment that there simply be a defamation by a state official; the defamation had to occur in the course of the termination of the employment. Certainly there is no suggestion in *Roth* to indicate that a hearing would be required each time the State in its capacity as employer might be considered responsible for a statement defaming an employee who continues to be an employee.

*Paul v. Davis,* 424 U.S. 693, 710, 96 S.Ct. 1155, 1165, 47 L.Ed.2d 405 (1976); *accord Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 446 n. 3 (2d Cir.1980). In this case, the plaintiff was not discharged, thus any defamation which might have occurred did not deprive the plaintiff of a constitutionally protected liberty interest.

*Property Interest*

 The plaintiff claims that his transfer, with the resultant loss in pay, and the failure to promote him were deprivations of a property interest. Although there are cases in which a government employee has been held to have been deprived of a property interest by demotion, *e.g., Smulski v. Conley,* 435 F.Supp. 770 (N.D.Ind.1977); I conclude that personnel decisions short of termination do not constitute a deprivation of a property interest under the due process clause of the fourteenth amendment. *See Warfield v. Adams,* 582 F.Supp. 111, 114–15 (S.D.Ind.1984). A government employee who is discharged may suffer great financial harm as a result of the violation of a contract giving him tenure; but

[a] breach of contract that does not terminate the employment relationship is different. . . . [T]he Constitution must not be trivialized by being dragged into every personnel dispute in state and local government.

*Brown v. Brienen,* 722 F.2d 360, 364–65 (7th Cir.1983). The dispute in this case involves the plaintiff's transfer from one position to another and the failure to promote him; these decisions are not of a magnitude requiring the plaintiff's employer to afford him due process of law.

Although only four of the twelve defendants in this suit have moved for summary judgment, I conclude that the complaint fails to state a claim against any of the defendants under section 1983. Thus, the plaintiff's pendent state law claims must also be dismissed. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

For the foregoing reasons, the plaintiff's complaint is dismissed.

SO ORDERED.