Tom MILLER, Appellant,

v.

Jean LOVELL; Mark Martin; E. Benjamin Nelson; Donald Stenberg; Ronald H. Tussing; Harold W. Clarke; Phyllis Anstine; Jack D. Campbell; Tim Dempsey; Pitman Foxall, Sr.; Martin Gutschenritter; Darrell Johnson; Gary E. Lacey; David J. Lanphier; Kathy Moore; John P. Murphy; Vernon H. Pearson; James L. Riskowski; William G. White, Appellees.

No. 93–1305.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1993.

Decided Jan. 7, 1994.

Sharon M. Lindgren, Lincoln, NE, argued, for appellant.

James C. Zalewski, Lincoln, NE, argued, for all appellees.

Thomas O. Mumgaard, Omaha, NE, argued, for Pitman Foxall. Wendy E. Hahn and Paul C. Pennington, Omaha, NE, on the brief.

Before FAGG and WOLLMAN, Circuit Judges, and WRIGHT,* District Judge.

PER CURIAM.

Tom Miller, the Director of the Law Enforcement Training Center in Grand Island, Nebraska, brought this civil rights action under 42 U.S.C. §§ 1983 and 1988 against the members of the Nebraska Commission on Law Enforcement and Criminal Justice, and Jean Lovell, the Executive Director (collectively the commission). Miller claimed the commission violated his Fourteenth Amendment right to procedural due process by disciplining him without giving him notice and an opportunity to be heard. Miller based his entitlement to procedural due process on a property interest in his employment. Commission members Foxall, Clarke, and Nelson filed motions to dismiss. The remaining commission members filed a motion for summary judgment, and Miller filed a motion for partial summary judgment. The summary judgment motions focused on whether Miller had a property interest in his job entitling him to due process.

The district court granted the motions to dismiss Foxall, Clarke, and Nelson, and Miller does not appeal these dismissals. The district court also granted the remaining commission members' motion for summary judgment, and denied Miller's motion for partial summary judgment. The district court did not decide whether Miller was entitled to procedural due process, but instead, stated that assuming Miller's entitlement, Miller received due process. Miller appeals the grant of summary judgment to the commission.

■ To comply with procedural due process, an employer must give a public employee verbal or written notice of the charges against the employee, an explanation of the employer's evidence, and an opportunity to respond before terminating the employee. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985). Procedural due process requirements only apply, however, to the deprivation of interests encompassed by the Fourteenth Amendment's protection of property and liberty. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). The Fourteenth Amendment's Due Process Clause does not convert the federal courts into arbitral forums for review of commonplace personnel decisions that public agencies routinely make. *Wargat v. Long,* 590 F.Supp. 1213, 1214 (D.Conn.1984).

■ In this case, it is undisputed that the only action taken against Miller was the issuance of a letter directing him to follow a particular employee's job description in determining her work assignments, to schedule staff meetings to allow her attendance, and to try to improve his working relationships with employees. Miller was not punished in any way; he did not lose pay, benefits, job status, or tenure. Nor does Miller suggest his good name, reputation, honor, or integrity is at stake. *See Roth,* 408 U.S. at 573, 92 S.Ct. at 2707. We conclude that, as a matter of law, Miller was not deprived of any property or liberty interest protected by the Fourteenth Amendment. *See id.* at 572–78, 92 S.Ct. at 2706–10; *Maples v. Martin,* 858 F.2d 1546, 1550–51 (11th Cir.1988); *Brown v. Brienen,* 722 F.2d 360, 365 (7th Cir.1983); *Peloza v. Capistrano Unified Sch. Dist.,* 782 F.Supp. 1412, 1420 (C.D.Cal.1992). Because the commission's warning letter was not of sufficient magnitude to implicate any of Miller's property or liberty interests, the commission could have issued the letter without affording him procedural due process.

■ Even if the commission had to give Miller procedural due process before sending him the letter, we agree with the district court that Miller received due process in this

* The HONORABLE SUSAN WEBBER WRIGHT, United States District Judge for the Eastern District of Arkansas, sitting by designation.

case. The transcript of a meeting held on April 27, 1992 makes clear that Lovell informed Miller of the allegations about him. Contrary to Miller's assertions, he was told of specific complaints about him, including his behavior at specific events on specific dates, and who made the complaints. Further, at the conclusion of the April 27 meeting, Lovell asked Miller to respond, but Miller declined, stating he preferred to present a written response later. This was a sufficient opportunity for Miller to give his side of the story. *See Riggins v. Board of Regents of Univ. of Ne.*, 790 F.2d 707, 711–12 (8th Cir.1986). We thus conclude Miller was afforded procedural due process.

We affirm the district court.