

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-1994

# Ferraro v. City of Long Branch, et al

Precedential or Non-Precedential:

Docket 93-5576

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"Ferraro v. City of Long Branch, et al" (1994). *1994 Decisions.* Paper 11.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/11

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 93-5576


JOHN A. FERRARO;
DOROTHY FERRARO

Appellants

v.

CITY OF LONG BRANCH;
ADAM SCHNEIDER;
ANTHONY CRITELLI;
MICHAEL PELUGHI;
MICHAEL DESTAFANO;
JOHN PALLONE;
STEVEN SCHWARTZ;
ROBERT LEHMANN


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 93-01096)


Submitted under Third Circuit LAR 34.1(a)
May 2, 1994

BEFORE:  GREENBERG and GARTH, Circuit Judges,
and ROBRENO, District Judge*

(Filed:  May 10, 1994)


                         Robert E. McLeod
                         Gasiorowski & McLeod
                         1020 Highway 35
                         Middletown, NJ 07748

                         Attorney  for Appellants

* Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

                              Mark S. Tabenkin
                              Kenney, Gross & McDonough
                              130 Maple Avenue
                              P.O. Box 8610
                              Red Bank, NJ 07701

                              Attorney for Appellees

OPINION OF THE COURT

GREENBERG, Circuit Judge.

I. INTRODUCTION

Appellants John A. Ferraro and Dorothy Ferraro, who are husband and wife, appeal from an order dated August 23, 1993, and entered on August 31, 1993, dismissing under Fed. R. Civ. P. 12(b)(6) their claims against the appellees, the City of Long Branch, New Jersey, and certain of its officials, brought pursuant to 42 U.S.C. § 1983, and remanding the balance of the case to the Superior Court of New Jersey, Law Division, Monmouth County. As a matter of convenience we refer to John A. Ferraro as the appellant inasmuch as Dorothy Ferraro is a party only because she claims a loss of consortium.

Insofar as material to the section 1983 count, Ferraro in his Superior Court complaint alleged that since November 20, 1979, he has been a career civil service employee of the City of Long Branch with the classified job title of Superintendent of Parks and Public Property. He further alleged that the duties of that position are essentially of a managerial, supervisory, and

2

planning nature, but that the appellees nevertheless directed him "to perform such jobs as garbage pick up, shoveling beach sand, and other physical labor under the supervision of [his] former subordinates . . . ." Ferraro claimed that the appellees' action deprived him of his rights, privileges, and immunities under New Jersey laws and regulations and "subjected [him] to the deprivation of a legally protected property right in his employment secured by the Constitution and laws of the United States and the State of New Jersey without due process of law in violation of those Constitutions and the statutes in such cases made and provided."

The complaint alleged that the appellees engaged in the foregoing wrongful conduct on and before December 28, 1990. While the complaint does not indicate precisely what happened on December 28, 1990, in his brief Ferraro indicates that he "collapsed [with a heart attack] on the job while shoveling snow on the steps of City Hall," and is still under treatment and has "never returned to work." Brief at 5. In deciding this case we will assume that Ferraro can prove these allegations and present evidence that his work assignment contributed to his collapse and illness. The complaint also included three state law counts for what Ferraro called "tortious interference with pursuit of lawful employment" and for violations of the New Jersey Administrative Code. Notably, however, Ferraro's complaint did not assert that the appellees' conduct constructively discharged him, and thus he did not allege, and even in his brief on this appeal, does not claim that he is no longer a Long Branch employee. In fact, he

3

acknowledges that he still is the Superintendent of Parks and Public Property.

The appellees removed the matter to the district court under 28 U.S.C. § 1441 on the ground that it had original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). They then served a motion to dismiss under Rule 12(b)(6) "for failure to state a claim upon which relief can be granted, on the grounds of qualified immunity."

The district court granted the appellees' motion in an oral opinion on August 23, 1993. The court recited that it could grant the motion only if, after accepting the well-pleaded allegations in the complaint and viewing them in the light most favorable to Ferraro, he could prove no set of facts entitling him to relief. The court then observed that it was "well established that government officials performing discretionary functions enjoy qualified immunity from civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." The court next indicated that if a plaintiff's allegations "fail to state a constitutional violation at all, the court cannot find that the constitutional rights asserted . . . were clearly established at the time the defendants acted."

The district court went on to indicate that a showing that a defendant has violated a state statute does not in itself establish liability. It also said that a federal court is "'not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies,'"

4

quoting Bishop v. Wood, 426 U.S. 341, 349, 96 S.Ct. 2074, 2080 (1976), and that "'[d]isputes over overtime, over work assignments, over lunch and coffee breaks do not implicate the great objectives of the 14th Amendment,'" quoting Brown v. Brienen, 722 F.2d 360, 365 (7th Cir. 1983) (emphasis added). The court recognized that Ferraro asserted the defendants acted with malice in forcing him to shovel snow and sand, and thus caused him to suffer a heart attack, but it held, citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982), that these "bare allegations of malice" did not overcome the appellees' claim of immunity. Ultimately, the court dismissed the claims against the individual appellees "for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) on the grounds of qualified immunity" and the claims against Long Branch itself because Ferraro had not asserted a claim on which relief could be granted. The court then remanded the balance of the case to the Superior Court.

Ferraro has filed a timely appeal. We have jurisdiction under 28 U.S.C. § 1291, and the district court had removal federal question jurisdiction. We exercise plenary review.


## II. DISCUSSION

Ferraro defines the rather limited scope of his claim by acknowledging that he "was neither deprived of his job nor his

salary and benefits" and accordingly conceding that he was not discharged, directly or constructively. Brief at 16. Rather, he contends that "he was deprived of the rights, duties and privileges of [his] job," brief at 16, because the "case does not involve mere work assignments, hours or other personnel decisions. It involves the duties which are the essence of [his] job title." Brief at 19. The district court rejected Ferraro's claim inasmuch as it found that he had not demonstrated that he had a right which the federal courts should protect and which the appellees had violated. See Siegert v. Gilley, 111 S.Ct. 1789, 1793 (1991).

We agree with the district court. We recognize that we look to state law to determine if Ferraro in this section 1983 action has alleged the existence of a property right. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709 (1972); Midnight Sessions, Ltd. v. City of Philadelphia, 945 F.2d 667, 679 (3d Cir. 1991), cert. denied, 112 S.Ct. 1668 (1992). Furthermore, we will assume that the appellees could be determined in a state proceeding to have violated the New Jersey Administrative Code by assigning Ferraro "to perform duties other than those properly pertaining to the assigned title which the employee holds." N.J. Admin. Code tit. 4A, § 3-3.4 (1993). Indeed, we even will assume that the appellees, as Ferraro pleads, are liable to him under New Jersey common law. Yet we decline Ferraro's invitation to hold that the change in his work assignment, which he admits did not rise to a level of wrongdoing constituting a constructive discharge, nevertheless was a

6

deprivation of his property interests actionable under section 1983. While Ferraro asserts that the appellees were trying to harass him into resigning and thus were malicious in their conduct toward him, if we considered that a mere change in work assignment deprived an employee of a property interest, as a practical matter we would be federalizing routine employment decisions.' Additionally, under the guise of protecting employees' rights, we would be erecting a barrier to ordinary management determinations regarding the assignment and duties of employees.

We recognize that Ferraro claims that prior to the appellees' acts in changing his duties his responsibilities were "largely managerial and administrative," though not "directorial or policymaking," brief at 27, and that after the changes he supervised fewer people and did more manual labor. But, as he concedes, the appellees did not change his job title or modify his salary and benefits. Furthermore, his modified duties clearly related to the functioning of the department of the municipal government in which he is employed, parks and public property. In these circumstances, Ferraro simply did not plead facts justifying a section 1983 action. Congress did not pass

---

'In Winn v. Lynn, 941 F.2d 236, 239-40 (3d Cir. 1991), we rejected a contention that evidence of malice would strip the defendants of a defense of qualified immunity which they otherwise would enjoy under Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982), as qualified immunity is predicated on objective standards. While Winn v. Lynn well could be controlling here, we are deciding this case on the basis of our determination that the appellees did not deprive Ferraro of a property interest.

7

the civil rights law to constitute the district courts as grand arbiters of all public employer-employee disputes. We think that the language of the Court of Appeals for the Ninth Circuit in San Bernardino Physicians' Serv. Medical Group v. County of San Bernardino, 825 F.2d 1404, 1408 (9th Cir. 1987) (emphasis in original), though written in a different context, is useful in this case in its recognition that while the deprivation of contractual rights may create a section 1983 claim, there is "an equally compelling necessity to recognize that not every interference with contractual expectations does so."

We find Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988), useful in our analysis. There a public employee brought a section 1983 action making claims similar to those Ferraro advances. In Rode the plaintiff alleged that she was transferred to another position at her preexisting salary and benefit level. She predicated her complaint on the contention that the new position did not have the stature of her old position as it did not come with a private office and involved menial assignments and demeaning tasks. We indicated that "[e]mployment decisions such as those at issue here, which do not terminate or abridge [the employee's] employment contract, and which could be litigated in state tribunals, do not constitute deprivations of property interests under the fourteenth amendment." Id. at 1205. We then cited Brown v. Brienen, 722 F.2d 360 (7th Cir. 1983), for the proposition that even employment decisions which do violate employment contracts do not form the bases for section 1983

actions and that the Constitution should not be "trivialized by being dragged into every dispute in state and local government."[2]

Other precedents support our result. The Supreme Court set out the approach we should follow in Bishop v. Wood, 426 U.S. at 349, 96 S.Ct. at 2080, when it indicated that the federal courts are "not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies." In Brown v. Brienen the Court of Appeals for the Seventh Circuit, in language particularly pertinent here, indicated that disputes "over work assignments . . . do not implicate the great objects of the Fourteenth Amendment." 722 F.2d at 365. The court indicated, however, that "[a] public employer who drove an employee having a contract of employment to resign by making life unbearable for him, through excessive demands for overtime or other breaches of the employment contract, might be violating the Fourteenth Amendment and section 1983 [through a] constructive discharge." Id. Brown v. Brienen is particularly significant because it distinguishes between actions constituting a constructive discharge and lesser allegedly wrongful conduct for section 1983 purposes. In this

---

[2] Id. (citing Brown v. Brienen, 722 F.2d at 365). In Rode, we indicated that a pattern of harassment not implicating an employee's property rights may constitute a Fourteenth Amendment violation if "motivated by the employee's exercise of protected constitutional rights or by [the employer's] invidious discriminatory intent." This principle, even if still viable, is inapplicable in this case, as Ferraro did not plead that the appellees acted in revenge for his engaging in constitutionally protected conduct, e.g., making a statement protected by the First Amendment, and he did not plead that the appellees discriminated against him by reason of a factor such as race, religion, or gender.

9

regard we emphasize that Ferraro does not claim to have been constructively discharged. In Wargat v. Long, 590 F. Supp. 1213, 1215 (D. Conn. 1984), the court indicated "that personnel decisions short of termination do not constitute a deprivation of a property interest under the due process clause of the fourteenth amendment."[3]

Oladeinde v. City of Birmingham, 963 F.2d 1481 (11th Cir. 1992), cert. denied, 113 S.Ct. 1586 (1993), is also a useful precedent. In that case the plaintiffs, police officers, claimed that they were transferred in violation of their procedural due process rights in retaliation for whistleblowing about wrongdoing in the police department. The court of appeals rejected this argument, indicating that it would not "hold that a transfer, which involves no loss of pay and no loss of rank, deprives a plaintiff of a protected liberty or property interest." Id. at 1486. That holding covers the situation here.[4]

---

[3]While we hold that the appellees did not deprive Ferraro of a protected property interest, as we indicate below we are not holding that an adverse employment action short of termination never could deprive an employee of a property interest as we have no reason to consider that broad proposition on this appeal. Thus, we are not to be understood as adopting the full statement of the law which we quote from Wargat v. Long. The statement, however, is applicable here.

[4]In his brief, Ferraro sets forth that his "complaint spoke in general terms of the deprivation of certain vested rights rather than specifically setting forth the manner in which the defendants acted to deprive the plaintiff of his rights and clearly identifying those rights. Such generality is not fatal. It can easily be handled by providing a more definite statement." Brief at 32. The difficulty with this contention is that Ferraro has described how the appellees' conduct impacted on him, i.e., he was not constructively discharged, and he has identified his protected property interest in his job. His case has failed because he has not demonstrated that the appellees deprived him

10

In reaching our result, we need not and will not write broadly, as we are concerned only with deciding the case before us.  Thus, we do not determine whether an adverse employment action not alleged to have constituted a constructive discharge of an employee can ever give rise to a section 1983 action.  Rather, we hold only that Ferraro does not state a claim upon which relief may be granted, as he concedes that he was not discharged actually or constructively, his salary and benefits were not affected adversely by the appellees' actions, the appellees did not strip him of his job title, and he was not transferred to a different agency of the municipal government.

The judgment of August 31, 1993, will be affirmed.

---

of a property interest.  This shortcoming could not be cured by the proposed more definite statement describing appellees' actions and motives in more detail.

Ferraro further contends that the district court erred in indicating that his claims predicated on appellees' conduct before December 23, 1990, two years before he filed his Superior Court complaint, are barred by the statute of limitations.  We need not consider this contention as Ferraro does not set forth facts indicating that the appellees' conduct before December 23, 1990, deprived him of a property interest.

11