*106 ORDER AFFIRMING FINAL EMPLOYMENT DECISION
KATHARINE ENGLISH, Chief Judge.
This matter came before the Court on Mr. Doug Colton’s Petition for Review of Final Employment Decision.
ISSUE PRESENTED:
Petitioner, Mr. Doug Colton, a Tribal employee, petitions this court seeking judicial review of a final employment decision. That decision upheld the warning issued to petitioner that he must not contact another Tribal employee, Ms. Cindy Martin-Butler, “for any purpose while on Tribal property or during working hours.” Petitioner seeks a removal of the warning from his personnel file, contending that in making the employment decision affecting him, Tribal authorities did not follow applicable procedures and that he was denied due process.
For the reasons that follow, the court rejects those contentions.
BACKGROUND:
The employment decision that is challenged here represents the latest episode in what petitioner asserts began as a consensual, romantic relationship between himself and Ms. Martin-Butler.[1] However the relationship began, ultimately, in June 1999, Ms. Martin-Butler obtained a restraining order in state court prohibiting petitioner from contacting or attempting to contact her at work, by telephone, or by mail. Petitioner does not contend that the restraining order is not still in effect.
*107 On August 27, 1999, petitioner was issued a “verbal final warning” informing him that he was not to have any contact with Ms. Martin-Butler “while on Tribal property or during working hours.” He also was told that if he telephoned Ms. Martin-Butler’s workplace and reached her by mistake, he was to apologize immediately and hang up the phone. Petitioner was warned that if he had further contact with Ms. Martin-Butler he would face “immediate termination” of his employment. The record reflects two documents, both dated on the same day. One is a written “warning notice” signed by Michael J. Larsen as “Division Manager or Officer.” The second written “warning notice” was also signed by J. Cleve Brooks, as the Personnel reviewer.[2] The “employee warning notice” form includes a line for the signature of the “Supervisor Issuing Warning.” That line was not signed on either document.
According to a copy of an e-mail, which is attached to petitioner’s Petition for Judicial Review, Michael Larsen, who petitioner states is his supervisor, in fact did not issue a verbal warning to petitioner.
Petitioner appealed to Mr. Robert Martin, the Tribe’s Executive Officer, seeking “removal” of the verbal warning. He complained that his supervisor had not signed or apparently issued the warning. He also argued that Mr. Brooks, the Human Resources Manager, should not have signed the form reflecting the verbal warning because he had a “conflict of interest” as Ms. Martin-Butler’s work supervisor. Petitioner suggested that compliance with the terms of the warning could prove “almost impossible” for him because his work responsibilities took him to “almost every area on Tribal property.” Finally, he admitted having contact with Ms. Martin-Butler after the restraining order went into effect, but contended that she “initiated” the contact. He described the claim that he had violated the restraining order as a “false allegation.”
After reviewing petitioner’s appeal, the Executive Officer ruled that the verbal warning would stand and that it was “a final employment decision.” The Executive Officer later considered petitioner’s request for re-consideration and declined to review the appeal again. Petitioner timely filed his petition seeking judicial review of the “final employment decision.”
STANDARD OF REVIEW:
This court’s scope of review is limited. Pursuant to Tribal Code § 255.5(d)(8), the court reviews the decision to determine whether: (A) it violates applicable provisions of the Tribal Constitution; (B) it violates “provisions, substantive or procedural, of applicable Tribal law or federal law”; (C) it is arbitrary, capricious, represents an abuse of discretion, or is “otherwise not in accordance with applicable law;” or (D) it is not supported by substantial evidence. The court is instructed in the Code to “recognize the right of the Tribe * * * to rely upon supervisors and managers to exercise judgment and discretion in making decisions affecting the terms and conditions of employment, including, but not limited to, matters involving employee * * * discipline, suspension and termination.” Tribal Code § 255.5(d)(8).
ANALYSIS:
Petitioner appears pro se and, understandably, his claims therefore are not precisely linked to the Tribal Code provision describing this court’s standard of review. However, the court understands him to complain of alleged violations of applicable *108 tribal law and of his claimed right to due process. More specifically, he contends that applicable procedures were not followed: (1) because his supei-visor did not sign the form memorializing the verbal warning, (2) because the Executive Officer-refused to reconsider his decision when informed of the fact that the supervisor-had not issued the warning, and (3) because a review board was not appointed to review his case. His due process concerns focus on his claim that he was not given an opportunity to respond to the allegations made against him. He also complains that, in warning him, his super-visors may have relied on telephone calls he made during non-work hours. None of those claims is well-taken.[3]
In arguing that applicable law was not followed because his supervisor did not sign the warning form, petitioner relies on Section 60.220 of the Human Resources Manual. That section provided:[4]
“While the Tribe believes employees will manage their own performance in an effective manner, it also recognizes that there will be situations from time to time which require managers to take disciplinary action. Immediate supervisors, under the direction of their division managers, are accountable for taking disciplinary action -which is appropriate to the seriousness of the performance infraction. Failure to do so will reflect on the manager’s and supervisor’s performance evaluations. Disciplinary action taken with the Executive Officer' will be initiated by the Tribal Council. The Executive Officer is accountable for ensuring that appropriate disciplinary action is taken by managers and supervisors when necessary.”
(Emphasis added). Petitioner apparently reads this section, and in particular the sentence emphasized above, as mandating that any disciplinary action must be initiated or approved by an employee’s immediate supervisor.
That is an unlikely reading of the section’s language, however. The section does not appear to create any individual rights that may be exercised by any employee. The section does not even appear to require that disciplinary action be undertaken by an employee’s immediate supervisor. Instead, the section seems to set a standard that managers should strive to meet: they should take “disciplinary action that is appropriate to the seriousness of the performance infraction.” That management goal simply does not translate into an absolute requirement that, if not met, renders any disciplinary action taken invalid and improper.
Moreover, even if petitioner’s reading of the section were more persuasive, he would not be entitled to any relief. The court may reverse the final employment decision only “if substantial rights of the Employee have been denied” by the decision. Because here the written warning was signed by petitioner’s division manager and the Human Resources director, and because the decision ultimately was reviewed and approved by the Executive Officer, petitioner was not deprived of any “substantial” right.[5]
*109 Petitioner also complains that Tribal law was not followed because the Executive Officer did not reconsider his decision after being informed that petitioner’s immediate supervisor allegedly had not issued the verbal warning. Petitioner does not point to any provision of Tribal law that would require such a reconsideration, however. As noted, the court is obliged to “recognize the right of the Tribe” and its managers “to exercise judgment and discretion in making decisions affecting the terms and conditions of employment, including * * * matters involving employee * * * discipline^]” In deciding not to reconsider his decision here, the Executive Officer was simply exercising his judgment and discretion.
Petitioner contends that he was entitled to have his case reviewed by a review board. Section 50.240 of the Human Resources Manual provides for the appointment of such a board, but that section does not apply here. Instead, section 50.240 “provides a method for resolving issues that employees are not able to solve through informal discussions with their supervising managers or through Human Resources.” Such issues do not include final warnings. In addition, petitioner’s present insistence that the Executive Officer’s action in his case is not a “final employment decision” is not consistent with his appeal to this court. See Tribal Code § 255.5(b)(6) (defining “final employment decision”); § 255.5(d) (providing procedure for appealing such decisions to Tribal court). Furthermore, even if section 50.240 applied, petitioner himself did not follow the procedures set out in that section and the appointment of a review board is a matter committed to the “complete discretion” of the Executive Officer. Section 50.240(6).
In sum, none of petitioner’s claims based on provisions of Tribal law is well-taken. His due process claims also are not convincing.
As noted above, petitioner’s due process claims appear to focus on his contention that he was given no opportunity to respond to the allegations against him. The Tribe responds that petitioner has no due process right “to ‘not having’ a Final Warning placed in his confidential personnel file.” This circuitous argument appears to miss the mark. The Tribe cites the seminal Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), for the proposition that petitioner here has no “property” interest affected. Roth invites further analysis of whether a “liberty” interest exists. Petitioner appeal's to be claiming such an interest in this case.
In some situations, a warning letter issued to an employee may “not [be] of sufficient magnitude to implicate [the employee’s] property or liberty interests[.]” Miller v. Lovell, 14 F.3d 20, 21 (8th Cir. 1994). Nevertheless, the employee may have a liberty interest in such a situation if his “good name, reputation, honor, or integrity is at stake.” Id., citing Board of Regents of State Colleges v. Roth, 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (“where a person’s good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential”) (brackets, internal quotation marks, and citation omitted). That appears to be the essence of petitioner’s due process claim here.
The court need not decide, however, whether petitioner has a due process right that is implicated in the instant case. Assuming that he does have such a liberty *110 interest, he was given adequate due process. Petitioner’s arguments presented both to the Executive Officer and to this coui't make it clear that he understood the nature of the allegations made against him. Petitioner admitted meeting Ms. Martin-Butler after the state-court restraining order was in force; he admitted telephoning her. He was given an opportunity by the Executive Office to explain those contacts and he attempted to do so.
Petitioner was not terminated from his employment, such termination being subject to certain due process requirements. However, even if this was a pretermination case, petitioner was afforded due process.
“When post-termination administrative procedures are afforded [as they are here, see Section 60.342 of the Human Resources Manual], * * * pretermination procedure functions only as ‘an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.’ ”
Linton v. Frederick County Bd. of County Com'rs, 964 F.2d 1436, 1439 (4th Cir.1992), quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 545-46, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Here, petitioner essentially admits that he had contact with Ms. Martin-Butler in violation of the state court restraining order. That he attempts to blame her for initiating the contact does not alter the fact that his candid admissions themselves provide reasonable grounds to believe that the charges against him are true.[6] In addition, that petitioner admits to having contacted Ms. Martin-Butler despite the restraining order supports the action taken by the Executive Officer. Petitioner has not shown that any due process violation occurred here.[7]
FINDINGS:
For the reasons set forth above, the Court finds that the Final Employment Action taken against Mr. Doug Colton did not violate applicable law, and did not violate Mr. Colton’s due process rights.
IT IS THEREBY ORDERED:
The Final Employment Decision is affirmed.

. The court need not and does not decide whether petitioner's description of the relationship is accurate.

. In a memorandum sent to petitioner, Mr. Brooks later clarified that “any clearly incidental contact” with Ms. Martin-Butler "should not subject [him] to any further discipline.”

. Petitioner also contends that the Human Resources department has not always informed him of Ms. Martin-Butler’s whereabouts. That complaint lies outside the court's authority and its scope of review.

. The Manual has since been revised, but the parties appear to agree that the version of the Manual that was in effect when the warning was issued is the one that applies here.

.Similarly, even if the Human Resources director had what petitioner describes as a "conflict of interest”—a question the court does not decide—any procedural error was *109 cured by the Executive Officer's subsequent review.

. Moreover, both with respect to the state court restraining order and the final employment warning he has received, petitioner must understand that it is his responsibility not to contact Ms. Martin-Butler whether she invites the contact or not.

. Although petitioner objects that the record includes evidence of telephone calls he made outside work hours, the record does not indicate that the Executive Officer or other managers relied on those telephone calls in disciplining him. Petitioner admits to contact during work hours as well. Furthermore, the warning issued to petitioner was that he not contact Ms. Martin-Butler "while on Tribal property or during working hours.” The Tribe has not attempted to regulate petitioner's off-work life, although he should remember that the state court restraining order is not so limited.