**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4221
_____

JANET DONOVAN,

Appellant

v.

PITTSTON AREA SCHOOL DISTRICT; ANTHONY GUARIGLIA;
BRUCE KNICK; MR. KENT BRATLEE; JOHN DONAHUE;
CHARLES SCIANDRA, Each Individually and in
their capacities as members of the Pittston Area Board of Education

_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(District Court No.: 3-14-cv-01657)
District Court Judge: Honorable Nitza I. Quinones Alejandro

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on September 14, 2017

Before: VANASKIE, RENDELL, and FUENTES, Circuit Judges.

(Filed: December 5, 2017)
_____

_____

**RENDELL,** <u>Circuit Judge</u>:

In 2009, the Pittston Area School District ("Pittston" or the "School District") hired Janet Donovan to be the Principal in Charge of Curriculum for Grades Kindergarten through 12th Grade. In 2012, Donovan was appointed to a different position, Intermediate Center Principal, for the 2012–2013 school year. This new position came with the same salary and benefits as the old position but different and arguably lesser responsibilities. Donovan viewed the reassignment as a "demotion,"[1] and she subsequently sued the School District, arguing *inter alia* that the School District violated her procedural due process rights under 42 U.S.C. § 1983 when they "demoted" her. The School District moved for summary judgment on the grounds that (1) Donovan did not have a constitutionally-protected property interest in her particular job as Principal in Charge of Curriculum for Grades Kindergarten through 12th Grade (only in her continued employment, which Pittston provided her), and that (2) Donovan did not avail herself of state-provided remedies (specifically, an appeal of her demotion) as she was required to do under law. The District Court granted the motion in full and Donovan appealed. Because we agree with the conclusion of the District Court, we will affirm.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] A "demotion" under the School Code is "a reassignment to a position which has less authority, prestige, or salary." *Dotterer v. Sch. Dist. of City of Allentown*, 92 A.3d 875, 881 (Pa. Commw. Ct. 2014).

## I. Background[2]

The parties are familiar with the factual and procedural background to date, and we will not repeat it.

We exercise plenary review over the District Court's grant of summary judgment, applying the same standard that the District Court should have used. *Curley v. Klem*, 298 F.3d 271, 276 (3d Cir. 2009). A court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In evaluating the evidence, we are required to view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." *Klem*, 298 F.3d at 276–77 (internal quotation marks omitted).

## II. Discussion

"To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005). Section 1983 does not provide substantive rights, but rather "provides a remedy for the deprivations of rights established elsewhere in the Constitution or federal laws." *Kopec v. Tate*, 361 F.3d 772, 775–76 (3d Cir. 2004). Donovan contends that her Fourteenth Amendment due process rights were violated because she was deprived of her "constitutionally-protected interest in her pre-demotion

_____

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1343. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

3

position." (Appellant's Br. 10.)  Accordingly, in order to establish a procedural due process claim under § 1983, Donovan must show that (1) she had, and was deprived of, a constitutionally-protected property interest in that specific position, and that (2) the state procedures available to her did not provide her with due process.  *See Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006).[3]

## A.  Property Interest

An individual can have a property interest in a government job if she has a legitimate entitlement to it.  *Biliski v. Red Clay Consol. Sch. Dist. Bd. of Educ.*, 574 F.3d 214, 219 (3d Cir. 2009); *see also Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. . . . He must, instead, have a legitimate claim of entitlement to it."). The question of whether a legitimate entitlement (and, therefore, a property interest) exists in a particular government job is a matter of state law.  *Hill*, 455 F.3d at 234.

Pennsylvania law grants certain professional employees (such as Donovan) tenure status and, therefore, a protected property interest in their jobs.  *See* 24 P.S. § 11-1122. These types of employees may not be terminated except under specific circumstances demarcated by statute.  *See id.*  Pennsylvania courts have consistently construed this statute as conferring on these employees a property right in the expectation of "continued employment" but have stopped short of extending the right to an expectation of continued

---

[3] The District Court addressed and rejected Donovan's argument that she was also deprived of a liberty interest.  **(A. 14.)**  Donovan has not appealed that portion of the District Court's findings and we will not review it.

employment in a particular job. *See Lewis v. Sch. Dist. of Phila.*, 690 A.2d 814, 817 (Pa. Commw. Ct. 1997) (citing cases).[4] Under this doctrine, therefore, Donovan appears to lack a constitutionally-protected property interest in her pre-demotion job given that the statute and related case law protect only against complete termination.

As the District Court rightly observed, neither the Supreme Court nor this Court has specifically addressed the question of whether there is a constitutionally-protected interest in not being demoted from a government job. **(A. 11–12.)** However, we have held in similar contexts that a public employee is not deprived of a constitutionally-protected interest when the employee is not terminated but instead transferred or assigned different, even less desirable, job responsibilities. For example, in *Ferraro v. City of Long Branch*, 23 F.3d 803 (3d Cir. 1994), we reviewed an appeal brought by a public employee who alleged that his employer changed his duties from "largely managerial and administrative" to less supervisory and more akin to "manual labor." 23 F.3d at 806. We expressly "decline[d] Ferraro's invitation to hold that the change in his work assignment . . . was a deprivation of his property interests actionable under [§] 1983," reasoning that "if we considered that a mere change in work assignment deprived an employee of a property interest, as a practical matter we would be federalizing routine employment decisions" and "erecting a barrier to ordinary management determinations regarding the assignment and duties of employees." *Id.* Similarly, in *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988), in which the plaintiff-appellant brought a §

_____

[4] We note that despite Donovan's inexplicable contentions to the contrary, the District Court rightly outlined and followed the relevant state law.

5

1983 claim premised on her transfer to a job with lesser responsibilities, we held that "[e]mployment decision[s] . . . *which do not terminate or abridge [an] employment contract*, and which could be litigated in state tribunals, do not constitute deprivations of property interests under the fourteenth amendment."[5]  845 F.2d at 1205 (emphasis added) (also citing favorably *Brown v. Brienen*, 722 F.2d 360, 364–65 (7th Cir. 1983), which held, quoting *Rode*, 845 F.3d at 1205, that "employment decisions which *do* violate employment contract may not form basis for suit under [§] 1983"); *see also Edwards v. Calif. Univ. of Pa.*, 156 F.3d 488, 492 (3d Cir. 1998) (rejecting a procedural due process claim where plaintiff-appellant "remained employed with pay at all times relevant to this case" despite the possible stigma to his reputation as a result of his suspension).

These cases cut in favor of concluding that, even if we consider Donovan's reassignment to be a "demotion"—notwithstanding the lack of change in her salary or benefits—she would still not have endured a "deprivation" under the law because she remained employed by Pittston.  Donovan concedes that "[t]here is no dispute that [her] salary and benefits remained the same" and argues only that her "job title and duties were changed."  (Appellant's Br. 14 (emphasis omitted)).  Without citing any supporting

_____

[5] District courts in our Circuit have reached similar outcomes.  *See Burnett v. Sch. Dist. Of Cheltenham Twp.*, No. 04-2680 (MAM), 2006 WL 2034700, at *13 (E.D. Pa. July 19, 2006) ("Where a public employee's salary and benefits remain the same, a change in his work assignment does not deprive him of a protected property interest."); *Karchnak v. Swatara Twp.*, 540 F. Supp. 2d 540, 549 (M.D. Pa. 2008) ("The Third Circuit has suggested that employment actions that affect merely the terms and conditions of employment, but do not impact an employee's tenure, do not implicate the employee's property interest in continued employment.  Therefore, the state is not required to provide due process before making decisions that affect the terms and conditions of employment.").

authority,[6] Donovan infers that because the School District is statutorily required to conduct a hearing before demoting a nonconsenting employee "either in salary or type of position," 24 P.S. § 11-1151, she necessarily has a "legitimate claim of entitlement to her pre-demotion position" (Appellant's Br. 15 (emphasis omitted)). That argument lacks merit and fails to overcome the body of case law that would indicate otherwise.[7]

We therefore hold that Donovan did not have a constitutionally-protected interest in working as a particular type of principal for Pittston. She only had a constitutionally-protected interest in continued employment by the School District, and she was not deprived of that.

## B. State Remedies

Because we conclude that Donovan did not (and cannot) show that she was deprived of a constitutionally-protected interest, we need not reach the question of whether the available procedures afforded her due process. We will nonetheless address the issue briefly to commend and confirm the District Court's reasoning.

---

[6] *Roth*, the only case that Donovan relies on, is inapposite. That case, as discussed *supra*, provides that certain public employees have property interests in "continued employment." 408 U.S. at 577. It also states that "a person receiving welfare benefits under statutory and administrative standards . . . has an interest in continued receipt of those benefits that is safeguarded by procedural due process." *Id.* at 576. To the extent Donovan relies on this proposition to support her claim, it is irrelevant to this case given Donovan's concession that Pittston never altered her benefits.

[7] The notion that Donovan did not consent to her new position is suspect. The record establishes that at a School Board meeting where Donovan discussed her employment, she offered to do her current position as well as the new position, and stated that she would do what the Board asked her to do. (*See* **A. 6.**)

7

The District Court rightly noted that, "[a]s a matter of law, constitutionally adequate procedural due process exists when a state provides reasonable remedies to rectify an alleged legal error by a local administrative body." (A. 16 (citing cases)); *see also Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) ("[A] state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them.") (internal quotation marks omitted) (alteration in original). Accordingly, a public employee cannot assert a procedural due process claim "where he has not taken advantage of his right to a post-deprivation hearing before an impartial tribunal that can rectify any possible wrong committed by the initial decision[-]maker." *McDaniels v. Flick*, 59 F.3d 446, 460 (3d Cir. 1995).

24 Pa. Cons. Stat. § 11-1151 provides a process through which a school district employee facing a demotion, "either in salary or in type of position" and to which he or she did not consent, may challenge that demotion. This process comprises a hearing before the board of school directors and an appeal in the same manner. *Id.*; *see also* 24 Pa. Cons. Stat. § 11-1131 (outline appeals procedure). If the employee is denied a demotion hearing, or if the employee wishes to challenge the outcome of a demotion hearing, he or she may appeal to the Pennsylvania Secretary of Education for a de novo review. *Katruska v. Bethlehem Ctr. Sch. Dist.*, 767 A.2d 1051, 1053 (Pa. 2001). This process "ensures that the requirements of due process are satisfied." *Id.* at 1056. The record confirms that Donovan never availed herself of these procedures, and her procedural due process claim therefore fails.

8

III. Conclusion

Because we agree that Donovan cannot make the showings necessary to bring a procedural due process claim, we will affirm the District Court's grant of summary judgment in favor of Pittston.