**John R. EVANS, Plaintiff,**

v.

**Michael MORGAN, in his personal capacity, Defendant.**

No. 03–C–0179–C.

United States District Court, W.D. Wisconsin.

Sept. 25, 2003.

Paul A. Kinne, Madison, WI, for Plaintiff.

John R. Sweeney, Assistant Attorney General, Madison, WI, for Defendant.

## OPINION AND ORDER

CRABB, District Judge.

In this civil action brought under 42 U.S.C. § 1983, plaintiff John R. Evans alleges that defendant Michael Morgan, in his personal capacity, violated plaintiff's right to due process under the Fourteenth Amendment by demoting him from his position with the Department of Revenue as chief legal counsel without a pre-deprivation hearing. Presently before the court is defendant's motion to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted or, alternatively, to grant judgment on the pleading pursuant to Fed.

R.Civ.P. 12(c). Defendant contends both that plaintiff has failed to allege sufficient facts to state a claim for a violation of due process and that defendant is entitled to qualified immunity because he did not violate a clearly established right belonging to plaintiff. In the alternative, defendant contends that the court should abstain from hearing the case.

I conclude that plaintiff has properly stated a procedural due process claim. At this early stage of litigation, it is unclear whether defendant is entitled to qualified immunity. In addition, defendant has failed to show any basis for abstention. Thus, defendant's motion to dismiss will be denied.

For the sole purpose of deciding defendant's motion to dismiss, the allegations of fact in plaintiff's amended complaint are accepted as true.

## ALLEGATIONS OF FACT

Plaintiff John R. Evans and defendant Michael Morgan are employed by the Wisconsin Department of Revenue. Defendant is Secretary of the Department of Revenue; until the demotion at issue here, plaintiff was employed as chief counsel for the department. As Secretary, defendant supervised plaintiff. On or about March 19, 2003, defendant demoted plaintiff from chief counsel to attorney, with the demotion to take effect on April 7, 2003. Defendant did not hold a pre-demotion hearing or otherwise provide plaintiff any legal process before the demotion. Plaintiff did not volunteer to be demoted and he had been performing his job in a satisfactory manner.

## OPINION

### A. *Sufficiency of the Complaint*

Under Fed.R.Civ.P. 8(a), a complaint states a claim when it includes "a short

and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) or a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c), the court must accept as true all well-pleaded allegations of the complaint and draw all inferences in favor of the non-movant. *Levenstein v. Salafsky,* 164 F.3d 345, 347 (7th Cir.1998). In accordance with these principles, a motion to dismiss will be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Cook v. Winfrey,* 141 F.3d 322, 327 (7th Cir.1998) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

■ Plaintiff's complaint sets forth facts that, if proven, support a viable procedural due process claim. Procedural due process claims must withstand a two-part inquiry. *Doe v. Heck,* 327 F.3d 492, 526 (7th Cir.2003). The court must determine: (1) whether the plaintiff has been deprived of a protected liberty or property interest, and, if so, (2) whether the deprivation occurred without due process. *Id.*

■ Plaintiff claims demotion from chief counsel to attorney may have deprived him of a protected property interest. Property interests are not created by the Constitution; they are created and defined by independent sources such as state law. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Laws that assure continued employment create a property interest in that employment. *Hannon v. Turnage,* 892 F.2d 653, 656 (7th Cir.1990). Specifically, laws providing that a public employee may be discharged or demoted only for cause create a property interest in the specified employment position. *Duncan v. State of Wisconsin Dep't of Health and Family Services,* 166 F.3d

930, 936 (7th Cir.1999). In this case, Wis. Stat. § 230.34 provides that "[a]n employee with permanent status … may be removed, suspended without pay, discharged, reduced in base pay or demoted only for just cause." I assume for the purpose of this opinion only that plaintiff's chief counsel position is considered "permanent status" employment. Thus, plaintiff would have a protected property interest in his employment position. *See Sonnleitner v. York,* 304 F.3d 704, 711 (7th Cir.2002).

Defendant insists that plaintiff must show that he had a protected property interest specifically in his position as chief counsel. Dft's Br., dkt. # 19, at 2; Dft.'s Br., dkt. # 25, at 3. This is true, but I disagree with defendant to the extent he suggests that plaintiff will be unable to show he had such an interest. Wis. Stat. § 230.34 requires just cause for the termination *or* demotion of an employee with permanent status. Thus, even if plaintiff remained employed by the state, he may still have suffered the loss of a property interest. A demotion usually comes with an immediate loss of pay and status, and may result in a loss of future income and professional development potential. *See Head v. Chicago School Reform Bd. of Trustees,* 225 F.3d 794, 803 (7th Cir.2000) ("a loss of position that impedes future job opportunities or has other indirect effects on future income can inflict an actionable deprivation of property"). Therefore, plaintiff's allegation that he was demoted is sufficient at this stage to show that he was deprived of a protected property interest.

■■ The next question is what process plaintiff was due. In order to make this determination, a court must balance three factors as set forth in *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976):

First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Flexibility is inherent in this test; determining what process is due in a particular situation is a fact-dependent inquiry. *Mathews,* 424 U.S. at 334, 96 S.Ct. 893; *Jones v. City of Gary, Indiana,* 57 F.3d 1435, 1441 (7th Cir.1995).

 In general, due process entitles public employees to procedural safeguards before the employee is deprived of a position in which he or she has a property interest. *Zinermon v. Burch,* 494 U.S. 113, 127, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Head,* 225 F.3d at 803–04. At minimum, these pre-deprivation procedures must include three components: "(1) oral or written notice of the charges; (2) an explanation of the employer's evidence; and (3) an opportunity for the employee to tell his or her side of the story." *Wainscott v. Henry,* 315 F.3d 844, 852–53 (7th Cir.2003) (citing *Cleveland Bd. of Education v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)). Although this is the general rule, there are exceptions. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Under some circumstances, especially where pre-deprivation procedures are impractical, a public employee may be entitled to post-deprivation procedures only. *Doherty v. City of Chicago,* 75 F.3d 318, 323 (7th Cir.1996).

In applying the *Mathews* test, the Supreme Court has found that, when the value of pre-deprivation procedures is negligible, a public employee deprived of a protected property interest in his or her employment position is entitled to post-deprivation procedures only. *Gilbert v. Homar,* 520 U.S. 924, 930–31, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997). For example, the value of pre-deprivation procedures is negligible when the deprivation is the result of "random and unauthorized conduct." *Doherty,* 75 F.3d at 323.

 In *Zinermon,* 494 U.S. at 115, 110 S.Ct. 975, the Court reasoned that when a deprivation is the result of the state actor's random and unauthorized conduct, the state cannot predict that such conduct will occur. *Id.* Consequently, the state cannot prevent the conduct with pre-deprivation procedures. *Id.* Thus, whether conduct is random and unauthorized turns primarily on the predictability of the state actor's conduct. *Veterans Legal Defense Fund v. Schwartz,* 330 F.3d 937, 940 (7th Cir.2003); *Hamlin,* 95 F.3d at 584. Although plaintiff's complaint does not contain sufficient facts to allow me to determine whether defendant's conduct was predictable and consequently preventable by pre-deprivation procedures, common sense suggests that it would have been. At the pleading stage, plaintiff is not required to plead all the elements of his claim. *See Scott v. City of Chicago,* 195 F.3d 950, 951–52 (7th Cir.1999). I must decide only whether plaintiff has alleged sufficient facts to suggest that defendant violated plaintiff's procedural due process rights. Plaintiff's allegations sufficiently meet this burden.

### B. *Qualified Immunity*

 Defendant contends that plaintiff's claim should be dismissed because defendant is entitled to qualified immunity. The qualified immunity analysis is a two-step inquiry. First, a court must determine that "plaintiff's allegations, if true,

establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). The court conducts this threshold inquiry in a light most favorable to the plaintiff. *Marshall ex rel. Gossens v. Teske*, 284 F.3d 765, 772 (7th Cir.2002). The court's second inquiry is whether the constitutional right was clearly established at the time of the alleged injury. *Saucier*, 533 U.S. at 201, 121 S.Ct. 2151; *Payne v. Pauley*, 337 F.3d 767, 775 (7th Cir.2003). This second inquiry requires consideration of the specific context of the case. *Saucier*, 533 U.S. at 201, 121 S.Ct. 2151. I have already concluded that plaintiff has stated a claim for a violation of his right to due process. However, it is too soon to tell whether plaintiff had a clearly established right to receive a pre-deprivation hearing. To show that a right is clearly established, "a plaintiff may point to closely analogous cases establishing that the conduct is unlawful, or demonstrate that the violation is so obvious that a reasonable state actor would know that what he [or she] is doing violates the Constitution." *Morrell v. Mock*, 270 F.3d 1090, 1100 (7th Cir.2001).

As noted above, the general rule is that public employees are entitled to some process before they are terminated or demoted. *See Zinermon*, 494 U.S. at 127, 110 S.Ct. 975; *Head*, 225 F.3d at 803–04. In order to establish that a right to a pre-deprivation hearing was clearly established at the time of the demotion, plaintiff must successfully analogize his case to previously decided cases that required such hearings in factual situations similar to his. For instance, in *Head*, the Court of Appeals for the Seventh Circuit found that the plaintiff was not deprived of his due process rights when he was demoted from his position as principal of a school to an assignment involving administrative tasks. *Head*, 225 F.3d at 803–04. However, the

court reached this decision after finding that the plaintiff had been afforded the minimum pre-deprivation procedures. *Id.* By implication, the required minimum pre-disciplinary process applies to terminations as well as demotions of public employees unless extenuating circumstances are present.

Another recent decision by the Court of appeals for the Seventh Circuit provides guidance. In *Sonnleitner v. York*, 304 F.3d 704 (7th Cir.2002), the plaintiff was an employee of a state mental health hospital, charged with several incidents of rules infractions. The hospital investigated the charges, provided the plaintiff with a pre-disciplinary hearing and suspended him with pay. Plaintiff's supervisor continued to investigate plaintiff's work performance and learned of more serious infractions, which she brought to the attention of the hospital's director, together with a recommendation that he demote the plaintiff. The director accepted the recommendation in reliance on both sets of charges, without holding a hearing to allow the plaintiff to address the newly added charges. The court of appeals agreed with the plaintiff that he had a property interest in his former employment and that he had alleged a violation of his right to due process, but it granted summary judgment to the defendant director on the ground of qualified immunity. The court found that the plaintiff had not cited any case with facts sufficiently similar to his own to put the defendant on notice that he would be depriving the plaintiff of due process rights by not giving him a pre-demotion opportunity to explain the new charges against him. It was not enough to cite *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); in that case, the Court had found a due process violation when the plaintiffs were *terminated* without *any* pre-

deprivation hearing, whereas in the plaintiff's case, he had been *demoted* without a *full* hearing on all charges. In *Sonnleitner*, the plaintiff bore the burden of proving that the right to a full pre-deprivation hearing was clearly established in a case involving a demotion; in the court's view, he had not met that burden.

 *Sonnleitner* and *Head* suggest that some pre-deprivation process is required before demoting a public employee. At this point, however, the record is not sufficiently developed to permit a determination of "the specific contours of [this] case," *Saucier*, 533 U.S. at 201, 121 S.Ct. 2151, and whether plaintiff had a clearly established right to a pre-deprivation hearing. Therefore, I will deny the motion to dismiss on qualified immunity grounds.

### C. Abstention

Defendant argues in the alternative that under *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), this court should abstain from hearing this suit because parallel proceedings are pending at the state level. Defendant's argument is flawed on multiple grounds. To begin with, defendant confuses *Pullman* with *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the decision from which the parallel-proceeding abstention doctrine stems. However, neither abstention doctrine applies to the present case.

 In his brief, defendant notes that plaintiff has appealed his demotion to the Wisconsin State Personnel Commission. Dft.'s Br., dkt. # 13, at 8. I will assume that this is true. It does not follow, however, that the appeal proceeding before the commission is parallel under *Colorado River*, or if it is, that the balance weighs in favor of abstention. *Colorado River*, 424 U.S. at 817–18, 96 S.Ct. 1236; *Finova Capital Corp. v. Ryan Helicopters U.S.A.*,

180 F.3d 896, 898–99 (7th Cir.1999). Defendant argues that the commission may resolve certain enumerated issues, the resolution of which will allegedly assist "this court in resolving the issues in this lawsuit." Dft.'s Br., dkt. # 2, at 9. However, defendant fails to explain how these two proceedings are parallel. Moreover, defendant fails to describe what factors weigh in favor of abstention. Although a post-deprivation hearing with the commission may bring certain facts to light, the crux of plaintiff's cause of action is that he was entitled to a pre-deprivation hearing. This claim will remain no matter what proceedings are conducted *after* his demotion. Further, it does not appear that plaintiff will be able to receive money damages in the state proceeding, even if he is successful. In short, there is no parallel proceeding in another state or federal court so as to render abstention appropriate under *Colorado River*.

 Finally, defendant fails to support his claim that the *Pullman* doctrine applies to this case. Under *Pullman*, federal courts are required to abstain from deciding a case when the meaning of a state law is in question and a state court ruling on the applicable law may make it unnecessary for the federal court to rule on the constitutionality of the law. *Int'l College of Surgeons v. City of Chicago*, 153 F.3d 356, 365 (7th Cir.1998) (citing *Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941)). The doctrine is not applicable here because the clarification of a state law is not at issue and no state court is involved.

 Defendant does not argue that the court should abstain under any of the remaining abstention doctrines. This case does not involve an ongoing criminal or quasi-criminal proceeding implicating important state interests in which plaintiffs will be able to present their federal claims.

*See Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The case does not involve the uniform administration of a complex state scheme to achieve an important state goal. *See Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Abstention should be utilized only in limited, exceptional circumstances. *Colorado River,* 424 U.S. at 813, 96 S.Ct. 1236. Those circumstances are not present here. Accordingly, I will deny defendant's motion to abstain from hearing this case.

## ORDER

IT IS ORDERED that defendant Michael Morgan's motion to dismiss is DENIED. Further, IT IS ORDERED that defendant's motion to abstain from hearing this case is DENIED.